**Michael BORRELLI, et al.,***
**Plaintiffs–Appellants,**

v.

**SECRETARY OF TREASURY, Commissioner of the Internal Revenue, New York City Police Pension Fund, Fire Department Pension Fund, Mar-**

tha E. Stark, William Thompson, Betsy Gotbaum, C. Virginia Fields, Marty Markowitz, Adolfo Carrion, Helen Marshall, City of New York, Mylan Denerstein, Horacio Starks, Diane Brather, Anthony Crowell, Stephen Carbone, Nicholas Visconti, Peter Gorman, Robert Straub, Kevin McAdams, James Slevin, Stephen Cassidy, John Driscoll, Anthony Garvey, Edward Mullins, Thomas Scotto, Scott Williamson, Mubarak Abdul–Jabar, John Puglissi, Patrick Lynch, Raymond W. Kelly, Michael Bloomberg, John J. Murphy, Carroll Haynes, Roger Toussaint, Lillian Roberts, James Molinaro, Defendants–Appellees.

No. 04–6573–CV.

United States Court of Appeals, Second Circuit.

Nov. 28, 2005.

---

* In the official caption, Michael Borrelli is listed as the sole plaintiff and appellant. However, in fact there are hundreds of plaintiffs-appellants who are named on attached schedules. For the sake of judicial economy, only Borrelli is listed by name above.

Kevin P. Fitzpatrick, Marshhausen & Fitzpatrick, P.C., Garden City, NY, for Plaintiffs–Appellants.

Ross E. Morrison, Assistant United States Attorney (Sara L. Shudofsky, Assistant United States Attorney, of counsel), for David N. Kelley, United States Attorney for the Southern District of New York, New York, NY, for Defendant–Appellee.

Grace Goodman (Larry A. Sonnenshein, of counsel) for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Defendant–Appellee.

Present: MINER, KATZMANN, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Appellants Michael Borrelli and about 2500 other members of various New York City retirement funds appeal an order of the district court (Stein, *J.*) entered November 17, 2004 granting the federal defendants' motion to dismiss for lack of subject matter jurisdiction and declining to exercise supplemental jurisdiction over plaintiffs' claims against the municipal defendants. The parties' familiarity with the facts and procedural history of the case is assumed.

Plaintiffs assert that the Internal Revenue Service ("IRS") found the various funds at issue here to have engaged in a "prohibited transaction" within the meaning of 26 U.S.C. § 503(b). *See* 26 U.S.C. § 503(a)(1)(C) (stating that organization "shall not be exempt from taxation" if it has engaged in a prohibited transaction). They further assert that this statutory language is sufficiently mandatory to strip the IRS of any discretion as to whether to revoke defendants' tax-exempt status and to render the IRS's decision not to do so susceptible to judicial review. *See Heckler v. Chaney*, 470 U.S. 821, 834, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985) (permitting review of a decision not to enforce where "the substantive statute has provided

guidelines for the agency to follow in exercising its enforcement powers").

However, review of the record shows that the IRS did not find a "prohibited transaction," but only a violation of 26 U.S.C. § 401(a)(2), which requires that a qualified trust have a trust instrument whereby it is impossible to divert any part of the trust's corpus or income to any "purposes other than for the exclusive benefit of [the employer's] employees or their beneficiaries." Contrary to plaintiffs' apparent assumption, a violation of this provision does not automatically constitute a "prohibited transaction," which is a term of art for certain specified transactions. *See* 26 U.S.C. § 503(b). The tax code contains no mandatory language circumscribing the IRS's discretion in enforcing the exclusive benefit rule. Indeed, it is well established that the IRS has wide-ranging discretion to impose a "broad range of alternative remedies" beyond revocation of a fund's tax-exempt status in response to violations of the exclusive benefit rule. *Westchester Plastic Surgical Assocs., P.C. v. Comm'r of Internal Revenue,* 78 T.C.M. (CCH) 756, 1999 WL 1001183, 1999 Tax Ct. Memo LEXIS 423, at *22 (T.C.1999). Because "the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion," *Heckler,* 470 U.S. at 830, 105 S.Ct. 1649, the Administrative Procedure Act provides no cause of action for plaintiffs to challenge the federal defendants' actions and does not waive the federal government's sovereign immunity for these purposes. *See* 5 U.S.C. § 701(a).

For these reasons, we affirm the district court's decision to dismiss the claims against the federal defendants for lack of subject matter jurisdiction. Because the plaintiffs have not appealed the district court's decision to decline supplemental jurisdiction over the claims against the municipal defendants, no claims remain, and we need not reach any of the other issues briefed by the parties.

Accordingly, we AFFIRM the judgment of the district court.